# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2015

Lyle W. Cayce
Clerk

No. 14-20144
Summary Calendar

ROBERT JAMES FOX,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1880

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Robert James Fox appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint, liberally construed, as barred by the "three strikes" provision of 28 U.S.C. § 1915(g). He asserts that he has no knowledge of any strikes.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2001, the Northern District of Texas concluded that Fox had a pattern of filing frivolous lawsuits and sanctioned Fox by prohibiting him from filing any future litigation in the Northern District of Texas without first obtaining permission. In dismissing the instant case, the district court relied on that earlier district court's order to determine that the instant complaint was barred under § 1915(g). However, this 2001 order is not a strike under § 1915(g), and there is no record of any other cases where Fox, "while incarcerated or detained in any facility," brought "an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." § 1915(g).

Therefore, the district court erred in determining that Fox had three strikes at the time he filed the instant lawsuit and in concluding that Fox was barred under § 1915(g) from proceeding IFP. Accordingly, the district court's judgment is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.